

ORDERED UNSEALED on 06/12/2020   s/ SuzanneA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BENITO ANDRES GONZALES,<br><br>Defendant. | Case No.: **20-MJ-1954**<br><br>**COMPLAINT:**<br><br>Title 18, U.S.C., Secs. 922(g)(8) and 924(a)(2) – Possession of a Firearm While Subject to a Restraining Order |

The undersigned complainant being duly sworn states:

<u>COUNT ONE</u>

Beginning on a date unknown but as early as August 6, 2019, up to and including February 12, 2020, within the Southern District of California, defendant BENITO ANDRES GONZALES, knowing that he was subject to a court order issued by the Superior Court of California on August 6, 2019, Case Number C392938, and issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, stalking, or threatening an intimate partner, namely J.E., that by its terms explicitly prohibited the use, attempted use or threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury, did knowingly possess a firearm that traveled in and affected interstate commerce, to wit: a North American Arms, model NAA 22LR, .22 caliber revolver bearing serial number L063467 and a Beretta, model 96, .40 caliber pistol bearing serial number BER249109, in violation of Title 18,

United States Code, Sections 922(g)(8) and 924(a)(2).

The complainant further states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_____
Arnesha Bahn
ATF Special Agent

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this __26th__ day of May, 2020.

_____
HONORABLE ALLISON H. GODDARD
UNITED STATES MAGISTRATE JUDGE

**PROBABLE CAUSE STATEMENT**

During the course of my duties, I have learned the following information from having read the reports prepared by other law enforcement officers. The following does not contain all of the information known to myself or other federal agents and state and local officers regarding this investigation, but does contain those facts believed to be necessary to establish the requisite probable cause.

On August 6, 2019, BENITO ANDRES GONZALES ("GONZALES") attended a hearing before a judge for the Superior Court of California. GONZALES had notice, and he had an opportunity to participate and be heard at the hearing. At that hearing, Case Number C392938, the judge imposed a restraining order upon GONZALES to protect J.E., a person with whom he cohabitated and is believed to be an intimate partner as defined by Title 18, United States Code, Section 921(a)(32). The restraining order included, among other things, the following relevant language:

    a. "You must not do the following things ... physically abuse, ..., intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, harass, destroy personal property of, or disturb the peace of the person."

    b. "You must not own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition."

On or about February 8, 2020, members of the Joint Terrorism Taskforce ("JTTF") and California Department of Justice ("CalDOJ") conducted records checks revealing GONZALES as an armed prohibited person. Furthermore, law enforcement officers learned GONZALES had a misdemeanor warrant for his arrest related to domestic violence vandalism.

On or about February 8, 2020, CalDOJ agents observed GONZALES getting into the passenger seat of a vehicle at which point agents conducted a traffic stop of the vehicle. Subsequently, San Diego Sheriff's Department detectives assigned to JTTF arrested GONZALES for the aforementioned warrant. While transporting GONZALES to San Diego Central Jail, detectives questioned GONZALES about the two firearms registered to

him, to wit: a North American Arms, model NAA 22LR, .22 caliber revolver bearing serial number L063467 and a Beretta, model 96, .40 caliber pistol bearing serial number BER249109. GONZALES claimed his ex-wife E.F., surrendered the firearms to law enforcement. However, a records check revealed the firearms were still registered to GONZALES and not surrendered. On February 17, 2020, detectives received a National City Police Department report stating the items GONZALES' ex-wife surrendered were toy cap guns, and not actual firearms.

On March 3, 2020, SDSO detectives conducted records checks revealing that on February 12, 2020, four days following his arrest, GONZALES' two registered firearms, provided above, had been sold to *Royal Loan* pawn shop, 3033 El Cajon Blvd., San Diego, CA within the Southern District of California.

On March 4, 2020, *Royal Loan* pawn shop employees provided detectives with the bill of sale and firearm acquisition forms for both firearms. The documents contained a thumb print, GONZALES' date of birth, California driver license number, address and phone number. An employee explained that that all firearm transactions require identification, and he believed the man who provided the identification was GONZALES. Detectives physically inspected the make, model and serial numbers of the firearms verifying that the firearms had been registered to GONZALES.

Detectives asked pawn shop employees how they verify someone is the gun owner when sales are made. The employees stated, they ask for identification, compare that to the individual and annotate the information listed on the identification card. The employees said they are not required to make copies of the seller's identification, but that the seller must provide a right thumb print on the Firearm Acquisition form. Furthermore, two pawn shop employees recalled the seller stating that he needed to get rid of the firearms because he had a restraining order.

The firearms were seized and inspected. Preliminary checks revealed that the firearms were not manufactured in California. Therefore, the firearms traveled in, and/or affected interstate commerce to arrive in the state of California.

**REQUEST FOR SEALING**

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee, may cause destruction of evidence, or otherwise have a negative impact on this continuing investigation.